43538. LYLES v. CAUSEY.

HALL, Judge. The plaintiff appeals from a judgment for the defendant after trial of the plaintiff's action for the defendant's alleged unlawful assault and battery. The answer denied most of the plaintiff's allegations but admitted that the defendant struck the plaintiff with his open hand after the plaintiff came to the defendant's home uninvited, cursed and abused him without any provocation, and attempted to cut him with a pocket knife, and alleged that his actions were necessary in defense of his person and home.

1. The trial court did not err in overruling demurrers to the defendant's answer, as amended.

2. The trial court did not err in admitting the evidence pointed out in the plaintiff's brief over the objections made by the plaintiff at the trial.

3. In argument of his Enumerations of error 3, 4, and 5, the plaintiff contends that the trial court misconstrued the pleadings and tried the case under an erroneous theory, prejudically erred in certain instructions to the jury conflicting with rulings made during the course of the trial. The record does not support the plaintiff's contentions, and it does not appear that the instructions were objectionable or harmful as contended or that the plaintiff made his objections before the verdict.

4. The court instructed the jury that the law provides that opprobrious words and abusive language used by a person assaulted may be found to amount to justification for a person charged with assault and battery. At the conclusion of the charge the plaintiff objected to these instructions. The court re-called the jury and specifically instructed them that all of these instructions were withdrawn and were not to be considered by them. The court further charged that opprobrious words and abusive language may be considered only in extenuation or mitigation of damages, but not in justification. The plaintiff objected to this charge on the ground that it did not apply in this case and that opprobrious words "would not be a factor in consideration of mitigation of damages."

The law is not entirely clear on the question whether in a civil action opprobrious words and abusive language may be found to justify an assault, or may be considered only in mitigation of damages. See *Berkner v. Dannenberg*, 116 Ga. 954 (43 SE 463, 60 LRA 559); *Thompson v. Shelverton*, 131 Ga. 714 (63 SE 220). In any event, the court removed the instruction to which the plaintiff objected and re-charged the jury on this subject, and the re-charge was not subject to the objections the plaintiff made to it.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED APRIL 2, 1968—DECIDED APRIL 17, 1968—
REHEARING DENIED MAY 9, 1968—CERT. ▮▮▮▮▮▮▮

*Wade H. Leonard,* for appellant.

*W. O. Cooper, Clarence H. Clay, Jr., John E. Wiggins,* for appellee.